UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Marcus Antonio Frierson, | ) | C/A No.    5:13-cv-00452-MGL-KDW |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) | |
| | ) | |
| Ann Hughes, Gary Toney, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff, a state prisoner proceeding pro se, brought this civil action pursuant to 42 U.S.C. § 1983.  This matter is before the court on Defendants' Motion to Dismiss for Failure to State a Claim filed on May 14, 2013.  ECF No. 20. The court entered a *Roseboro* Order[1] on May 15, 2013, advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 22. Plaintiff responded to Defendants' motion on May 24, 2013, ECF No. 28, and Defendants filed a reply to Plaintiff's Response on June 3, 2013, ECF No. 30, making this motion ripe for consideration. ECF No. 30. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. Because Defendants' Motion to Dismiss is dispositive, a Report and Recommendation is entered for the court's review.[2]

---

[1] The court entered a "*Roseboro* order" in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring that the court provide explanation of dismissal/summary judgment procedures to pro se litigants).
[2] Other pending motions are addressed within.

I.    Background

Plaintiff is currently incarcerated at Broad River Correctional Institution in the South Carolina Department of Corrections ("SCDC"). In the Complaint filed in this case, Plaintiff alleges that on May 11, 2008, Defendant Toney used excessive force against Plaintiff when Toney sprayed Plaintiff in the face, at close range, while Plaintiff was handcuffed and seated against a wall.  ECF No. 1 at 3, 4. Plaintiff contends that this use of force resulted in him losing sight in his right eye.  *Id.* at 5. Plaintiff seeks special damages, emotional damages, and punitive damages in the amount of $600,000.  *Id.* at 6.

II.    Standard of Review

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In construing a motion to dismiss, the facts, though not the legal conclusions, alleged in a plaintiff's pro se complaint must be taken as true. *Loe v. Armistead*, 582 F.2d 1291, 1292 (4th Cir. 1978); *Iqbal*, 556 U.S. 662.  A pro se complaint should survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at  570.  "Factual allegations must be enough to raise a right to relief above the speculative level" and beyond the level that is merely conceivable. *Id.* at 555.  A pro se complaint should be liberally construed. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, a court is not required "to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or a legal conclusion unsupported by factual allegations. *Iqbal*, 556 U.S. at 679.   Dismissal is appropriate when a complaint contains a description of

underlying facts that fails to state a viable claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Twombly*, 550 U.S. at 558.

      III.     Discussion

Defendants assert Plaintiff's claims are barred by the applicable statute of limitations. ECF No. 20.  In response to this argument, Plaintiff contends that he filed an earlier action against Defendants Hughes and Toney on January 16, 2009 and he attempted to serve his Complaint on Hughes and Toney at SCDC.  ECF No. 28 at 1.  Plaintiff alleges that Hughes and Toney no longer worked at SCDC at the time of service and Plaintiff's action against them was dismissed without prejudice, on September 29, 2010, for failure to serve the Complaint.  *Id.* Plaintiff argues that he attempted to locate Hughes and Toney's personal addresses but he was not successful in obtaining this information until his trial in 2012.  *Id.* at 2.  Plaintiff also argues that because Hughes and Toney's names continued to appear on the caption of his case until the 2012 trial, that Plaintiff believed they were still in the action until his trial was concluded.  *Id.* Plaintiff finally argues that Defendants acted with malice when they injured his eye which is causing Plaintiff to suffer both mentally and physically.  *Id.* at 3.

Section 1983 does not contain an express statute of limitations, therefore, in civil rights cases filed in the District of South Carolina this court applies South Carolina's general or residual personal injury statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (holding that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions."); *see also Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985) (holding that in § 1983 actions, federal courts should apply a state's general statute of limitations for personal

injuries). South Carolina's general or residual personal injury statute of limitations is three years.

S.C. Code Ann. § 15-3-530(5).

Plaintiff alleges that his right eye was blinded as a result of Defendants' use of excessive force against Plaintiff on May 11, 2008.  ECF No. 1 at 3-5. Therefore, for this action to be timely, Plaintiff needed to file his lawsuit no later than May 11, 2011.   Because Plaintiff filed this lawsuit on February 20, 2013, Plaintiff's case is untimely. Accordingly, Plaintiff's action is barred by South Carolina's statute of limitations.

IV.     Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendants' Motion to Dismiss, ECF 20, be *granted* and that this case be dismissed with prejudice. If the court accepts this recommendation, Plaintiff's Motion for Summary Judgment, ECF No. 29, will be moot.

IT IS SO RECOMMENDED.


November 14, 2013                                     Kaymani D. West
Florence, South Carolina                             United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**